### S. Meyer vs. F. P. Stubbs.

Clinton, J.   The law requires defendant to advance the costs necessary to discuss the property pointed out by him, but the law does not fix the amount to be deposited, nor with whom the deposit shall be made; the proper method of proceeding is for defendant, when he files his plea of discuss on, to move the Court to fix the amount to be furnished and tender the same, which should be deposited with the clerk.   7 L. 279; 24 An. 513; 22 An. 41.

2.   The debtor's interest in a succession which is within the jurisdiction of the Court, may be pointed out for discussion, but not his interest in any particular asset of such succession.   7 N. 199; 9 R. 152; and 12 R. 105.

3. Property bought during the existence of the marriage in the name of the wife, is presumed to belong to the community, if the deed does not declare that the property was bought with the separate funds of the wife, under her separate control; but this presumption may be rebutted by evidence, written or oral.

4. Property standing in the name of the debtor's wife, purchased during marriage, may be pointed out for discussion by defendant, sued as a third possessor.

5. The shorthand notes of the District Clerk cannot be brought into this Court, for the purpose of showing that the evidence has been improperly transcribed; counsel should have had the record amended in the lower court.

6. Where the case has been tried on the merits, but this Court finds that the plea of discussion, overruled by the lower Court, should have been sustained, we will not reverse the judgment on the merits, but simply suspend its execution, until the property posited out has been discussed. The plea of discussion is not an exception which seeks to dismiss the suit.